# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| BRANDT D. YOES | : | DOCKET NO. 05-0736 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| AETNA LIFE INSURANCE CO., ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On April 5, 2005, Brandt D. Yoes filed the instant suit for the recovery of unpaid health insurance benefits in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were Aetna Life Insurance Co. ("Aetna Life"); and Chickering Claims Administrators, Inc.

On April 28, 2005, defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On May 24, 2005, plaintiff filed the instant motion to remand [doc. # 8].[1] The motion seeks remand on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is not present. The matter is now before the court.[2]

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by

---

[1] The motion was later amended. [doc. # 18].

[2] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana, if a claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). Here the petition contains no such limitation.[3] Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938).

In the case *sub judice*, plaintiff initially alleges that "defendants" are liable for $ 23,541, plus penalties, interest, attorney's fees, and additional damages. (Petition, ¶ II). The parties agree that applicable penalties would double the claimed amount. They further assume attorney's fees of up to 1/3. This totals $ 62,776. In his prayer, plaintiff reiterates that "defendants" are liable for these damages. (Petition, Prayer, ¶ 2).[4] However, he includes an

---

[3] Plaintiff argues that by asserting a specific dollar amount in his petition, he has alleged that the amount in controversy is insufficient to invoke federal court jurisdiction in accordance with Louisiana Code of Procedure Article 893. If so, then plaintiff should have alleged a dollar amount for all of his damages claims. He did not do so, and thus has not affirmatively alleged that the amount in controversy is insufficient to invoke federal court jurisdiction.

[4] *See, Jewell v. Grain Dealers Mut. Ins. Co*., 290 F.2d 11, 13 (5th Cir. 1961)(claims against two or more defendants can be aggregated to attain the jurisdictional amount, if the defendants are jointly liable to the plaintiff). Here, plaintiff has not been altogether consistent in his damages allegations. In paragraph II of his petition, he alleges that "defendants" are liable for $ 23,541, plus penalties, interest, attorney's fees, and additional damages. In paragraph XIII, plaintiff alleges that Aetna Life is liable for the principal amount, plus penalties, and attorney's fees. In paragraph XIV, Chickering is alleged to be "additionally liable" for actual damages. However, in the prayer, judgment is again sought against the "defendants" for $ 23,541, plus penalties, attorney's fees, and costs, *and* for "such damages against Chickering as are reasonable and proper in the premises. Given plaintiff's further allegation that Chickering is

additional claim against Chickering for actual damages due to its hiring of a physician to perform a records only review of the medical information. (Petition, ¶ XIV and Prayer, ¶ 2). The amount of the additional claim against Chickering is not itemized. Yet, this additional claim could exceed $ 12,224, which when added to the other damages claims, would satisfy the requisite amount in controversy as to Chickering.[5]

For the foregoing reasons, it is "facially apparent" that the amount in controversy exceeded $75,000 at the time of removal. *Simon, supra.* We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332. Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand, as amended, [doc. #s 8 & 18] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's request for costs and fees be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN**

---

"indistinguishable from Aetna," (Petition, ¶ VI), we necessarily conclude that Chickering is a defendant as to all of the damages claims. Alternatively, the additional damage claim against Chickering could be attributable to Aetna since the companies are "indistinguishable."

[5] We then exercise supplemental jurisdiction over the claims against Aetna Life. 28 U.S.C. § 1367.

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE